UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re: Chapter 11 Case

PVP KREWSTOWN, LLC, Case No. 23-16198-MAM

Debtor.
_______________________________________/

PVP KREWSTOWN, LLC,

Plaintiff,
v.

ICA ACQUISITION KREWSTOWN, LLC, *et al.*,

Defendants.
_______________________________________/

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO LIFT ABATEMENT OF PENDING ADVERSARY PROCEEDING**

Movants,[1] by and through undersigned counsel, file this response in opposition to the Debtor/Plaintiff, PVP Krewstown, LLC's (the "Debtor") *Motion to Lift Abatement of Pending Adversary Proceeding* [ECF No. 33] (the "Motion"),[2] and in support, state as follows:

**BACKGROUND**

1. On May 30, 2025, the Debtor filed its *Motion to Abate Claim Litigation or in the Alternative for Protective Order* [Main Case ECF No. 371] (the "Motion to Abate").

---

[1] "Movants" include FI 135 Baltimore-Harford, LLC, FI 135 Battle Creek LLC, FI 135 Hines, LLC, FI 135 Philadelphia-Castor, LLC, FI 135 Philadelphia-Krewstown, LLC, FI 135 Troy, LLC, FI 135 Waynesboro, LLC, ICA Acquisition Baltimore, LLC, ICA Acquisition Battle Creek, LLC, ICA Acquisition Castor, LLC, ICA Acquisition Hines, LLC, ICA Acquisition Krewstown, LLC, ICA Acquisition Troy, LLC, and ICA Acquisition Waynesboro, LLC.

[2] Capitalized terms not defined herein shall be defined as set forth in the Motion.

2. On June 10, 2025, the Debtor filed its (i) *Amended Disclosure Statement in Support of Amended Chapter 11 Plan of PVP Krewstown, LLC* [Main Case ECF No. 373] (the "Amended Disclosure Statement"); (ii) *Amended Chapter 11 Plan of PVP Krewstown, LLC* [Main Case ECF No. 374] (the "Amended Plan"); and (iii) *Motion to Conditionally Approve Disclosure Statement and Schedule Joint Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Debtor's Amended Plan of Reorganization* [Main Case ECF No. 375] (the "Confirmation Motion").

3. On June 11, 2025, the Debtor filed the Motion, seeking to lift the abatement in this Adversary Proceeding, which has been in place since February 7, 2024.

**RESPONSE**

4. In the Motion, the Debtor requests that the Court "lift the abatement of the Adversary Proceeding, and hold a hearing on the Motion to Dismiss AP in conjunction with the Motion to Dismiss Bankruptcy Case . . . ." Motion, p. 6.

5. Under the guise of "efficient administration" the Debtor seeks to have the Motion to Dismiss AP heard during the remaining time allocated for trial on the Motion to Dismiss Bankruptcy Case. This is despite acknowledging that the trial "will not conclude in another three days . . . ." *See* Confirmation Motion, p. 2. If the Motion to Dismiss AP is heard during the time allocated for trial, the trial will not conclude on July 11, thereby causing further delays in a case that is "approaching its second anniversary." *See* Motion, p. 4.

6. Movants do not oppose the concept of lifting the abatement. Movants object to the manner in which the Debtor seeks to proceed if the abatement is lifted.

7. The Motion to Dismiss AP has been fully briefed since March 2024. On April 24, 2024, this Court held a hearing in connection with the Motion to Dismiss AP, at which the parties made extensive arguments in support of their respective positions. *See generally* April 24, 2024

Hr'g Tr. [Main Case ECF No. 108]. Again, during the August 28, 2024 status conference, the parties addressed issues related to the Motion to Dismiss AP. *See generally* August 28, 2024 Hr'g Tr. [Main Case ECF No. 131].

8. Furthermore, as the Debtor states in its Confirmation Motion "the Adversary Proceeding is already framed, without the need for any further evidence, in connection with the Motion to Dismiss AP." Confirmation Motion, p. 2. And in the Motion, the Debtor further states that "the pending Motion to Dismiss AP does not require any evidence be presented as a matter of civil procedure." Motion, p. 6, n.4.

9. Based on the extensive briefing and arguments made by the parties to date, and the Debtor's acknowledgement that the Adversary Proceeding is already framed, Movants do not have any objection to the Court lifting the abatement and ruling on the Motion to Dismiss AP without further hearing. Movants also support lifting the abatement and scheduling a hearing on the Motion to Dismiss AP as soon as practicable, whether before July 9 or after July 11.

10. But Movants *do oppose* the Motion to the extent it requests that the Motion to Dismiss AP be heard during the time allocated for the remainder of trial on the Motion to Dismiss Bankruptcy Case, which the Debtor predicts will be insufficient.

11. Movants reserve the right to oppose the Motion on additional grounds not set forth herein.

WHEREFORE, Movants respectfully request that the Court enter an order denying the Motion and granting such other and further relief as is just and appropriate.

Respectfully submitted,

*/s/ Paul Steven Singerman*
Paul Steven Singerman, Esq.
Florida Bar No. 378860
singerman@bergersingerman.com
Ilyse M. Homer, Esq.
Florida Bar No. 826316
ihomer@bergersingerman.com
**BERGER SINGERMAN LLP**
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500

*Counsel for the Movants*

Respectfully submitted,

*/s/ Drew M. Dillworth*
Drew M. Dillworth, Esq.
Florida Bar No. 167835
ddillworth@stearnsweaver.com
**STEARNS WEAVER MILLER ET AL.**
150 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: (305) 789-3598

*Counsel for the Movants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as indicated on the attached Electronic Mail Notice List on this 16th day of June, 2025.

*/s/ Paul Steven Singerman*
Paul Steven Singerman